Hubert J. VANCE

v.

CITY OF NACOGDOCHES, TEXAS, and Jerry Cessna, in his individual and official capacities.

Thomas F. Snoddy

v.

City of Nacogdoches, Texas.

Nos. 9:99–CV–3, 9:00–CV–12.

United States District Court,
E.D. Texas,
Lufkin Division.

March 27, 2002.

Timothy B. Garrigan, Stuckey Garrigan & Castetter, Nacogdoches, TX, for plaintiff.

David L. Allen, James Stephen Roper, Zeleskey Cornelius Hallmark Roper & Hicks, Lufkin, TX, for Defendant.

## MEMORANDUM OPINION

COBB, District Judge.

The two cases before the court involve Title VII employment discrimination claims brought against the City of Nacogdoches, Texas. Plaintiff Hubert Vance (Vance) brought his suit for the city's failure to promote him to the position of driver from laborer in garbage collection. Plaintiff Thomas Snoddy (Snoddy) brought his suit for the treatment he received while working for the Nacogdoches Police Department. These plaintiffs, represented by the same counsel, have filed Motions to Consolidate (doc.# 22 in 9:99–3 and doc. # 20 in 9:00–12), to Certify a Class (doc. # 23 in 9:99–3), and for Leave to File a Second Amended Complaint (doc.# 22 in 9:99–3). Additionally, defendants filed a Motion to Exclude the Testimony of the plaintiffs' expert (doc.# 31 in 9:99–3).

Although unclear based upon plaintiffs' Motion for Class Certification and Complaint, the court proceeds as if plaintiffs are attempting to certify this case as a Title VII disparate impact class action. Because the court finds the plaintiffs are unable to establish the existence of a prima facie case of disparate impact, the court does not advance to an analysis of class certification under Federal Rule of Evidence 23.

### Motion to Certify Class Action

■ To establish a prima facie case of disparate impact, plaintiffs must identify the causes of the disparate impact and demonstrate their effect. *Watson v. Fort Worth Bank and Trust,* 487 U.S. 977, 994, 108 S.Ct. 2777, 101 L.Ed.2d 827 (1988). In other words, "[t]he plaintiff must begin by identifying the specific employment practice that is challenged." *Id.* After doing so, "causation must be proved; that is, the plaintiff must offer statistical evidence of a kind and degree sufficient to show that the practice in question has caused the exclusion of applicants for jobs or promotions because of their membership in a protected group." *Id.* Typically, the focus of evidence in disparate impact cases is upon statistical disparities rather than on specific facts of individual cases. *Id.* at 987, 108 S.Ct. 2777.

■ In this case, plaintiffs contend they have identified a system of subjective and discretionary personnel decision making that has an allegedly disparate impact on African Americans in the rate at which they are hired, promoted, and terminated. In attempting to prove causation, plaintiffs have proffered the report of Dr. Sandra Luna McCune. Assuming at this time that the plaintiffs have identified a suspect

employment practice, the court finds the statistical analysis relied upon by the plaintiffs to establish the second element of a prima facie disparate impact claim is insufficient.

Dr. McCune used employment files from the City of Nacogdoches as the basis for her report. Dr. McCune analyzed 3,296 employment applications filed with the City of Nacogdoches, of this total, she divided it into 1,794 applications from white applicants, 621 applications from African American applicants. Another 651 files did not designate the race of the applicant. As the basis for her selection rate prior to July 1998, Dr. McCune divided the number of African American applicant hired by the total number of African American applicants.[1] She used the same structure to determine the selection rate of white applicants prior to July 1998. Based on these figures, Dr. McCune calculated that the selection rate for African American applicants prior to July 1998 was 8.04% and 12.86% for white applicants. Thus, Dr. McCune concluded that the selection rate for African American applicants is less than 80% of the selection rate for white applicants.

█ The Supreme Court has said the proper basis for the initial inquiry in disparate impact cases is a "comparisoN—between the racial composition of the qualified persons in the labor market and the persons holding at-issue jobs." *Wards Cove Packing Co. v. Atonio,* 490 U.S. 642, 650–51, 109 S.Ct. 2115, 104 L.Ed.2d 733 (1989). In discussing possible weaknesses in a plaintiff's statistical evidence, the Supreme Court stated "statistics based on an applicant pool containing individuals lacking minimal qualifications for the job would be of little probative value." *Watson,* 487 U.S. at 996–97, 108 S.Ct. 2777.

*See also Anderson v. Douglas & Lomason Co., Inc.,* 26 F.3d 1277, 1290 (5th Cir.1994) (requiring statistical evidence of discrimination in promotions to consider qualified employees); *McClain v. Lufkin Industries,* 187 F.R.D. 267, 275–76 (E.D.Tex. 1999) (same for both hiring and promotion decisions). Supreme Court and Fifth Circuit precedent demonstrates that when analyzing disparate impact claims, it is necessary to consider the number of qualified applicants as opposed to the number of total applicants. Plaintiffs' expert report fails to meet this standard.

Dr. McCune's report does not present the court with the type of relevant statistical evidence needed to establish a prima facie case for disparate impact for the hiring of the proposed class. The defendants have proffered evidence that demonstrates several of the City's positions have minimum, objective requirements an applicant must meet to be considered qualified for the position. As discussed above, Dr. McCune's calculations are based on total populations, thus failing to account for which applicants were actually qualified for the positions to which they applied. Because it is necessary in disparate impact cases to define an applicant pool by qualified applicants, this court finds Dr. McCune's testimony insufficient. *Watson,* 487 U.S. at 996–97, 108 S.Ct. 2777; *McClain,* 187 F.R.D. at 275–76.

Further, besides the statistical evidence regarding the City's hiring practices, plaintiffs completely fail to present any statistical evidence regarding other employment decisions which form the basis of their Motion for Class Certification. Because the court finds that the plaintiffs' statistical evidence (or lack thereof) fails to establish the second element of a prima facie

---

1. Dr. McCune fails to designate a beginning date or to indicate whether the beginning dates were the same for the applicant pools in her analysis of the pre-July, 1998 selection rates.

disparate impact case, this court need not address the Rule 23 requirements for class certification.

While the court need not visit Rule 23, I pause for a moment to note potential problems exist which may prohibit certification of this class with these representatives, regardless of the statistical evidence presented. In *Zachery v. Texaco Exploration and Production, Inc.*, 185 F.R.D. 230 (W.D.Tex.1999), Judge Furgeson refused to certify a class pursuing a Title VII claim wherein the representatives did not pursue the full measure of damages available. *Id.* at 246. Judge Furgeson questioned whether representatives who failed to pursue the full panoply of damages under Title VII are adequate in light of the possible preclusive effect such an action may have on individual suits. *Id.* at 242–44. Given the nature of the remedies available under Rule 23(b)(2) and 23(b)(3) and recognizing the Fifth Circuit's statement in *Allison* regarding opting out of 23(b)(2) class actions, *Allison*, 151 F.3d at 418 n. 13, this court still has concerns over the potential preclusive effect on individuals who fail to opt-out.

Accordingly, the court denies the plaintiffs' motion for class certification.

### Motion to Exclude Testimony of Plaintiffs' Expert

■ Defendants have moved under Federal Rule of Evidence 702 to exclude the testimony of Dr. Sandra Luna McCune. While Dr. McCune's testimony, as discussed above, is insufficient for its proffered purpose, this court is of the opinion that it should not be excluded completely. Although her testimony appears to have limited probative value, it is useful to demonstrate the lack of evidence in favor of establishing a prima facie disparate impact claim. At this time, therefore, defendants' motion is denied.

### Motions to Consolidate and Amend Complaint

■ Plaintiffs Vance and Snoddy have both filed Motions to Consolidate pursuant to Federal Rule of Civil Procedure 42(a). Given the different departments the plaintiffs were employed by, the different claims they bring, the different remedies they seek, and other factors that differentiate the two cases, this court is of the opinion that these cases do not present sufficient common issues of law or fact to consolidate. As such, the court refuses to consolidate and denies plaintiffs' Motion to Consolidate.

Additionally, the plaintiffs have brought a Motion for Leave to File a Second Amended Complaint subject to a favorable ruling on their Motion to Consolidate. Because the court has denied their Motion to Consolidate and because the Amended Complaint was written as a class action which the court has refused to certify, the court denies plaintiffs' Motion for Leave to File a Second Amended Complaint.

### Conclusion

For the aforementioned reasons, this court is of the opinion that all pending motions should be denied. It is therefore,

ORDERED, Plaintiffs' Motion for Class Certification is hereby DENIED. It is further,

ORDERED, Defendants' Motion to Exclude Testimony is hereby DENIED. It is further,

ORDERED, Plaintiffs' Motion for Leave to File Second Amended Complaint is hereby DENIED. It is further,

ORDERED, Plaintiffs' Motion to Consolidate is hereby DENIED. Henceforth, the court instructs the parties to file individually captioned papers in each case.

These cases are to be treated as individual suits.